UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LINDA ROSS, | ) |
| Plaintiff, | ) |
| v. | ) JURY TRIAL DEMANDED |
| ALDI, INC. | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO: The Judges of the United States District Court for the Western District of Missouri

and

Chuck N. Chionuma, Esq.
3100 Broadway, Suite 602
Kansas City, Missouri 64111
chuck@chionuma.com
816-421-5544 (Telephone)
816-421-5353 (Facsimile)

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Aldi, Inc., by and through counsel, hereby removes to the United States District Court for the Western District of Missouri the action styled, *Linda Ross v. Aldi, Inc., Cause No. 2216-CV17038*, currently pending in the Circuit Court of Jackson County, Sixteenth Judicial Circuit, State of Missouri. As grounds for this removal under diversity of citizenship, 28 U.S.C. § 1332, Defendant respectfully states as follows:

### *The Removed Case*

1. The removed case is a civil action filed on or July 27, 2022 and styled, at that time, *Linda Ross v. Aldi, Inc., Cause No. 2216-CV17038*. The removed case centers on a slip and fall incident that took place on December 2, 2021 in Kansas City, Missouri.

2. The underlying Petition for Damages sets forth allegations of Negligence/Premise Liability against Defendant Aldi, Inc. See Exhibit A, Petition for Damages.

3. At the time of filing, Plaintiff's Petition was filed in the Circuit Court of Jackson County, Sixteenth Judicial Circuit, State of Missouri. *Id.*

4. At all relevant times herein, Plaintiff was a resident of the State of Missouri. *Id.*

5. At all relevant times herein, Aldi, Inc. is a foreign limited liability company with its principal place of business in Batavia, Illinois. *Id.*

6. The Summons in this matter was issued on August 3, 2022. Plaintiff has not yet filed a Return of Service in the underlying matter.

7. This Notice of Removal is filed within thirty days after the issuance of the summons and/or service of the initial pleading setting forth the claim for relief upon which the action is based. Removal is timely pursuant to 28 U.S.C. § 1446(b)-(c).

8. In accordance with 28 U.S.C. § 1446(a) a copy of all pleadings and papers that have been filed and served in the State Court Action are attached to this Notice as Exhibit B. Defendant has filed contemporaneously with this Notice a civil cover sheet.

### *The Venue Requirement is Met*

9. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

### *Diversity of Citizenship Exists Between the Parties*

10. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court under 28 U.S.C. §§ 1441(b) and 1446(c).

11. At the time this suit was filed, Plaintiff was and continues to be a resident of Missouri. *See* Exhibit A. *Id.*

12. At the time this suit was filed, Defendant Aldi Inc. was and continues to be a resident of Illinois. *Id.*

### *The Amount in Controversy Exceeds $75,000*

13. A district court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 USC §1332(a).

14. The party seeking to remove . . .has the burden to prove the requisite amount [in controversy] by a preponderance of the evidence. (citations omitted) This standard applies regardless of whether the "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *Bell v. Hershey Company*, 557 F.3d 953, 956 (8th Cir. 2009). "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

15. Plaintiff's cause of action is for personal injury, and Plaintiff claims to have suffered injuries to her back, required medical treatment and therapy. Given the nature and extent of the claimed injuries, Defendant believes that Plaintiff will seek damages in excess of the jurisdictional threshold.

### *Removal is Proper*

16. The state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) and (b) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Missouri; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### *Filing of Removal Papers*

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice to Clerk of Removal has been

simultaneously filed with the Circuit Court for Jackson County, Sixteenth Judicial Circuit, State of Missouri.

18. That there is filed herewith and made by reference a copy of all filings in the Circuit Court of Jackson County, Missouri. See Exhibit B.

WHEREFORE, Defendant Aldi, Inc. respectfully prays that the matter of *Linda Ross v. Aldi, Inc., Cause No. 2216-CV17038,* presently pending in the Circuit Court of Jackson County, Missouri, be removed to this Honorable Court and that this Court take jurisdiction of this action for trial and determination.

**EVANS & DIXON, L.L.C.**

_____
James E. Godfrey, Jr., #34388
Kerry B. Banahan Dagestad, #68990
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
Telephone: (314) 621-7755
Facsimile: (314) 621-3136
jgodfrey@evans-dixon.com
kbanahan@evans-dixon.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2022, the foregoing instrument was electronically filed via the Court's electronic filing system and served upon counsel for the Plaintiff via electronic mail at chuck@chionuma.com.

_____

4