
## IN THE 16TH JUDICIAL CIRCUIT COURT OF JACKSON COUNTY, MISSOURI AT KANSAS CITY

| | |
|---|---|
| **LINDA ROSS** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| V. | ) **CASE NO.** |
| | ) **DIVISION:** |
| **ALDI, INC.,** | ) |
| **6415 TROOST,** | ) |
| **KANSAS CITY, MO 64131** | ) |
| | ) |
| **DEFENDANT.** | ) |

### PETITION FOR DAMAGES

**COMES NOW** Plaintiff and for her Petition for Damages against Defendant states as follows:

1. At all times relevant hereto, Plaintiff was and is a resident of Jackson County, Missouri.

2. Defendant is a General Business for Profit corporation duly authorized to do business in Missouri, that is in good standing. Defendant does business at 6415 Troost, Kansas City, MO 64131.

3. At all times relevant hereto, Defendant was the owner, occupier and or operator of a grocery store located at 6415 Troost, Kansas City, MO 64131, where plaintiff was visiting as a business invitee on December 2, 2021, when she was injured on the premises.

## JURISDICTION AND VENUE

4. This case involves personal injuries sustained by plaintiff when Defendant created or permitted a dangerous condition to exist in its grocery store, without providing plaintiff with any notice or warning of the dangerous condition.

5. Venue is proper pursuant to Section 508.010.4, RSMO., in that the incident herein complained of occurred in, and Plaintiff was injured in Jackson County, Missouri.

6. Jurisdiction is further proper because Defendant committed tortious acts within Jackson County, in the State of Missouri.

## OPERATIVE FACTS

7. On or about December 2, 2021, Plaintiff used an escalator in Defendant's building to access the upper levels of the building while present in the building as a business invitee.

8. Having been invited into Defendant's premises for business purposes, plaintiff was an invitee to whom Defendant owed a duty to abate or warn of any dangerous conditions.

9. Unbeknownst to plaintiff, a liquid slippery substance was spilled and permitted to remain by the escalator, which constituted a dangerous condition to users of the escalator.

10. Defendant and or its agents or employees provided no warning or notice of the dangerous condition to Plaintiff.

11. While accessing the escalator, plaintiff slipped on the liquid slippery substance, fell and sustained severe and permanent injuries.

12. As a direct and proximate result of the dangerous condition, Plaintiff was caused to suffer serious and grievous physical injuries, and the injuries are permanent in nature and have caused Plaintiff to suffer continuous pain since the day of the fall.

13. As a further proximate result of the fall, Plaintiff has been required to, and will undergo medical care and numerous diagnostic and medical procedures with associated pain and discomfort.

14. As a further and proximate result of the fall, Plaintiff has suffered, and will continue to suffer anxiety, fear, and emotional stress associated with the fall and his injuries.

15. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained damages in a significant amount within the jurisdictional limits of this court.

## NEGLIGENCE-PREMISES LIABILITY

16. Plaintiff incorporates all foregoing paragraphs of this Petition for Damages, as though fully set forth herein.

18. Defendant owns, occupies, and operates the Casino and, in doing so, holds the premises open to the public for the purpose of transacting business, among other things, on the premises.

19. At all times relevant hereto, Plaintiff was on the premises with the express or implied invitation of and for the benefit of Defendant and remained on the property in direct connection with the business dealings of Defendant.

20. Defendant had a duty to protect Plaintiff against and warn Plaintiff of all known dangerous conditions of the property or those dangerous conditions that could have been revealed by inspection.

21. The liquid slippery substance by the escalator created a dangerous condition that was hazardous for users of the escalator.

22. Defendant, through its agents, knew or should have known of the condition of the escalator. Moreover, Defendants knew or should have known that Plaintiff and other patrons

would not have knowledge and appreciation of the dangers presented by the dangerous condition, of which Defendant's and its agents knew or should have known.

23. Defendant breached the duties owed to Plaintiff, by failing to take reasonable care to make safe the escalator access to its business invitees.

24. Defendant further breached its duty to Plaintiff by failing to take reasonable care to warn Plaintiff and other patrons of the dangerous conditions of the escalator access.

25. Plaintiff had a right to expect Defendant to provide a reasonably safe means of ingress and egress from the escalator in its casino.

26. As a direct and proximate result of Defendant's breaches as described herein above, Plaintiff suffered severe physical injuries, including but not limited to, back injuries, all of which required medical treatment and subsequent therapy.

27. As a direct and proximate result of Defendant's negligence as described herein, Plaintiff suffered damages, including but not limited to reasonable and necessary past medical expenses, pain, and suffering.

28. The condition of Defendant's premises, as more fully set forth above, was extremely and unreasonably dangerous such that injury to persons on the premises owned, operated, and/or maintained by Defendant was foreseeable and likely to occur.

29. Defendant knew, or had information from which, in the exercise of ordinary care, should have known, that the condition of the premises created a high probability of injury.

30. By failing to take appropriate action to make the premises reasonably safe, Defendant showed complete indifference to and/or conscious disregard for the safety of others, including Plaintiff.

35. As a direct and proximate result of Defendant's complete indifference and

conscious disregard for the safety of Plaintiff, Plaintiff suffered the damages more fully set forth herein.

**WHEREFORE**, Plaintiff prays that the Court enter judgment against Defendant in an amount that is fair and reasonable that will compensate Plaintiff for the injuries sustained, for Plaintiff's costs herein expended, for prejudgment interest, and for such other and further relief as the Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this matter.

Respectfully submitted,

CHIONUMA LAW FIRM, LLC

*/s/ Chuck N. Chionuma*

_____
Chuck N. Chionuma, Esq., MO Bar #32956
3100 Broadway Blvd. Suite 602
Kansas City, MO 64111
(816) 421-5544-Telephone
(816) 421-5353 - Facsimile
chuck@chionuma.com
**ATTORNEY FOR PLAINTIFF**